## Commonwealth ex rel. v. Ullom

*James C. Bane,* district attorney, for Commonwealth.
*Elliott W. Finkel,* for defendant.

HUGHES, J., October 27, 1936.—A rule was issued upon Harry K. Ullom to show by what authority he holds and exercises the office of judge of elections for the first precinct of Chartiers Township, Washington County. It was set forth that Harry K. Ullom was, on Tuesday, November 5, 1935, duly elected judge of elections for said district and was inducted into said office and has continued to exercise said office and to receive the emoluments thereof. It is averred that defendant is at the present time employed either by the United States Government or the Commonwealth of Pennsylvania or the County of Washington, and in answer thereto and in explanation thereof he states that he "was assigned to do work as a laborer on a certain project, no. 62090, a project requiring road construction in the County of Washington. That said project was sponsored by the Department of Highways of the Commonwealth of Pennsylvania. That as compensation for his work on said project the defendant receives a wage of $52.80 per month, which month of labor is made up of weeks during which the defendant works eight hours per day and a total of forty hours in each week. And that the compensation thus received for such labor is paid to the defendant by a check from the Treasury of the United States, with funds assigned to a

certain Federal body termed the Works Progress Administration."

Defendant further avers that he was on the emergency relief rolls and was transferred therefrom to the project mentioned. He claims his assignment to be for "so long as the project may continue or for so long a time as the present emergency of the nation may continue, or so long as the present program of the said Works Progress Administration may continue, or until the defendant may secure private employment."

Petitioner has filed a demurrer to defendant's answer.

The Constitution of Pennsylvania, art. VIII, sec. 15, provides:

"No person shall be qualified to serve as an election officer who shall hold, or shall within two months have held, any office, appointment or employment in or under the government of the United States, or of this State, or of any city, or county, or of any municipal board, commission or trust in any city, save only justices of the peace and aldermen, notaries public and persons in the militia service of the State; nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county offices, as shall be designated by general law."

It is further provided by the Act of June 26, 1895, P. L. 392, par. III, in regard to the sheriff's notices of general election:

"He shall give notice that every person, excepting justices of the peace, who shall hold any office or appointment of profit or trust under the government of the United States, or of this State, or of any city or incorporated district, whether a commissioned officer or otherwise, a subordinate officer or agent who is or shall be employed under the Legislative, Executive or Judiciary Department of this State, or of the United States, or of any city or incorporated district, and also that every member of Congress and of the State Legislature, and of the select

or common council of any city, or commissioners of any incorporated district, is, by law, incapable of holding or exercising at the same time the office or appointment of judge, inspector or clerk of any election of this Commonwealth, and that no inspector, judge or other officer of any such election shall be eligible to any office to be then voted for except that of an election officer."

From the wording of the Constitution and the legislation thereunder, it is apparent that any employment in or under the Government of the United States or of the State or of the county is sufficient to disqualify the person so holding that employment from serving as an election officer. It was contended by respondent that he had been on relief and was transferred to the present work as an emergency, and that his is not the kind of employment that was meant by the Constitution. As was said in Hattler et al. v. Wayne County, 320 Pa. 280, 283:

"The State recognized that in the interest of the public welfare those who were able and willing to work and needed work should have an opportunity to earn a livelihood by being given employment and had in mind that the public would, in cases of work relief, receive a return for the service performed."

This same thought was back of the creation of a Federal works program. The relation of master and servant exists where the employer has the right to select the employe, the power to remove and discharge him, and the right to direct both what work shall be done and the way and manner in which it shall be done: Hattler et al. v. Wayne County, supra. All these conditions existed in connection with Harry K. Ullom's relationship to the work he was doing.

This provision of the Constitution is to safeguard elections, that they may not come under the control of those in authority in administering the affairs of the Government. To hold that a worker employed by the Works Progress Administration and receiving his pay from the Treasury of the United States would not be such a person

would be to fly into the face of the language of the Constitution, for it is clearly one of the types of employment that was contemplated when it was intended to exclude persons in the employ of any Federal, State or county government from serving on an election board.

Counsel for respondent has strenuously argued that on account of the large number of persons so engaged it will materially handicap the conduct of elections, but we feel that it is more important that a safeguard of the character intended by the Constitution be thrown around the conduct of the election than to have it said that persons under the control of any official should in any way be permitted to participate as election officers and thereby throw doubt upon the honesty of the conduct of the election.

And now, October 27, 1936, it appearing that Harry K. Ullom is at the present time an employe of the United States Government and is therefore disqualified to exercise the duties and functions of judge of election for the first precinct of Chartiers Township, Washington County, it is ordered and directed that the said Harry K. Ullom be ousted and removed from said office, and the same is hereby declared to be vacant.